UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
     v.                             )    CR. No. 15-22 S
                                    )
DAMIEN BEVERLY,                     )
                                    )
          Defendant.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant has filed a motion to dismiss the indictment on the grounds that its issuance was untimely under 18 U.S.C. § 3161(b) and that the circumstances precipitating its issuance violated the Due Process Clause of the Fifth Amendment to the United States Constitution. (ECF No. 14.) The Government opposes this motion. (ECF No. 15.) For the reasons discussed below, Defendant's motion is DENIED.

On January 14, 2015, the Government filed a criminal complaint against Defendant. (United States v. Beverly, M.J. No. 15-22 PAS, ECF No. 1.) Defendant was arrested the same day. The Speedy Trial Act directs that, in the ordinary case, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). However, this thirty-day window is not absolute;

rather, periods of time can be excluded from it where, <u>inter alia</u>, the Court grants a "continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." <u>Id.</u> at § 3161(h)(7)(A). In this case, the parties requested and Magistrate Judge Patricia A. Sullivan granted a continuance excluding the period from January 21, 2015 to February 19, 2015 from the thirty-day window because the parties were engaged in plea negotiations. (<u>Beverly</u>, M.J. No. 15-22 PAS, ECF Nos. 6-7.) As a result of the continuance, the Government and Defendant believed the deadline to file an indictment was Sunday, March 15, 2015. (Hr'g Tr. 3:5-3:9, Mar. 13, 2015, ECF No. 12.)[1]

---

[1] Neither party has addressed whether Rule 45(a)(1)(C) of the Federal Rules of Criminal Procedure – which provides that, when computing a time period under a statute that does not specify a method of computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday" – would have extended this time period to the following Monday. See <u>United States v. Salgado</u>, 250 F.3d 438, 454 (6th Cir. 2001) ("Rule 45(a) is properly applied to extend the time period in § 3161(b) where the last day would otherwise fall on a day when the courthouse is not open for business and the government has no access to the grand jury or the clerk of court."); <u>see also</u> 3B Charles Alan Wright & Peter J. Henning, <u>Federal Practice & Procedure Criminal</u> § 834, at 418 (4th ed. 2013); <u>cf.</u> <u>United States v. Bruckman</u>, 874 F.2d 57, 62 (1st Cir. 1989) (holding that Rule 45(a) extended deadline for commencement of trial under Speedy Trial Act until Monday when the last day fell on a Saturday). Because Defendant's challenges to what transpired are meritless, this Court need not explore this issue.

On the afternoon of Thursday, March 12, 2015, Defendant rejected the Government's plea offer. (Id. at 8:25-9:3.) The following day, a hearing was held before Judge Sullivan during which the Government moved, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss the complaint without prejudice because the grand jury could not be convened until the following Monday, March 16, 2015. (Id. at 4:18-4:22, 5:15-5:22.) Defense counsel did not object to a dismissal of the complaint without prejudice.[2] (Id. at 12:2-12:3, 12:18-12:25, 13:9-13:18; see also Def.'s Mot. 3, ECF No. 14.) Judge Sullivan granted the Government's motion. (Hr'g Tr. 13:19-13:22, 15:8-15:10, ECF No. 12.) The same day, the Government filed a new complaint against Defendant. (ECF No. 3.) The Government filed an indictment the following Monday, March 16, 2015. (ECF No. 4.)

Defendant now moves to dismiss the indictment, arguing, without the benefit of a single case citation, that the indictment is untimely under 18 U.S.C. § 3161(b) and that the dismissal of the first complaint and the filing of the second

---

[2] Defense counsel objected that Defendant was not present for the hearing (Hr'g Tr. 6:4-7:3, Mar. 13, 2015, ECF No. 12), but, when pressed by Judge Sullivan, defense counsel could not articulate any reason for which Defendant's presence was required (id. at 7:16-7:23).

3

complaint violated the Due Process Clause. (Def.'s Mot. 4, ECF No. 14.) There is no merit to either argument.

The indictment was not untimely under 18 U.S.C. § 3161(b). "[Section] 3161(b) applies _only_ where, at the time of indictment, the charge upon which a defendant was arrested and upon which a complaint was issued is _still pending_." United States v. Krynicki, 689 F.2d 289, 293 (1st Cir. 1982). Conversely, where, as here, a complaint asserting charges for which a defendant has been arrested is dismissed without prejudice before the thirty-day window of § 3161(b) expires and a subsequent complaint is filed, the statutory time for filing an information or indictment begins anew, _see_ _id._, at 293 n.5, 294; _see also_ United States v. Barraza-Lopez, 659 F.3d 1216, 1219-20 (9th Cir. 2011) (collecting cases), and "events [that] transpire[ed] prior to dismissal of the complaint are simply irrelevant in computing the time limits within which the defendant can be indicted or tried." Krynicki, 689 F.2d at 293 (quoting United States v. Belleville, 505 F. Supp. 1083, 1084 (E.D. Mich. 1981)).[3] In this case, the first complaint was

---

[3] The First Circuit in United States v. Krynicki, 689 F.2d 289, 293 n.5 (1st Cir. 1982), seemed to suggest that, in a case involving the filing of a subsequent complaint after dismissal of the initial complaint, § 3161(b) requires that an information or indictment "be filed within thirty days of the date of the defendant's subsequent arrest or of the service of summons upon him." _But_ _cf._ _id._ at 294 ("[W]hen subsequent complaints are brought, the time limits will begin to run from the date of the

4

dismissed less than thirty days (not including the time excluded by Judge Sullivan at the parties' request) after Defendant was arrested, and the indictment was filed less than thirty days after the second complaint was filed. Therefore, the Speedy Trial Act was not violated.

Likewise, the dismissal of the first complaint and the filing of the second complaint did not deprive Defendant of his due process rights. Defendant complains that "the [G]overnment made arrangements with the Court to use the criminal complaint process to detain" Defendant and that the dismissal of the initial complaint and the filing of the second complaint "was merely a pre-arranged stop-gap effort to create a mechanism by which to seek temporary detention of [Defendant] until the [G]overnment could obtain an indictment." (Def.'s Mot. 4, ECF No. 14.) Critically, Defendant cites no authority to support

---

filing of the subsequent complaint." (quoting S. Rep. No. 93-1021 (1974)). Because the indictment in this case was filed within three days of the dismissal of the first complaint and the filing of the subsequent complaint, this Court need not decide whether § 3161(b) applies in the case of a defendant who remains in custody after the initial complaint is dismissed and a subsequent complaint is filed (and who is neither subsequently arrested nor served with a summons). See United States v. Quinteros, 769 F.2d 968, 973 (4th Cir. 1985); cf. United States v. Barraza-Lopez, 659 F.3d 1216, 1222 (9th Cir. 2011) (holding, in the case of a defendant who remained in custody after dismissal of the initial complaint, that "[w]hen charges in a complaint are dismissed without prejudice and are later refiled, § 3161(b)'s 30-day clock runs anew from the filing of the 'subsequent complaint, indictment, or information.'" (quoting 18 U.S.C. § 3161(d)(1))).

5

the proposition that either of his complaints rises to the level of a violation of the Due Process Clause. Defendant's total failure to develop his due process argument militates in favor of its rejection.

In any event, the procedure employed by the Government and the Court did not violate Defendant's due process rights. The Government retains the authority under Rule 48(a) to dismiss a criminal complaint with leave of court before trial, and Defendant did not object to dismissal of the initial complaint without prejudice. Similarly, the second complaint in this case was "made under oath before a magistrate judge," as required by Rule 3 of the Federal Rules of Criminal Procedure. (See Compl., ECF No. 3.) Defendant does not attempt to explain how these two concededly lawful actions of the Government somehow combined to violate the Due Process Clause. Finally, there is nothing about the Government's activity in this case that "violate[d] those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'" United States v. Lovasco, 431 U.S. 783, 790 (1977) (quoting Rochin v. California, 342 U.S. 165, 173 (1952); Mooney v. Holohan, 294 U.S. 103, 112 (1935)). Rather, Defendant conceded that the Government was not acting in bad faith (Hr'g Tr. 12:8-12:10, ECF No. 12), and it is clear that the perceived predicament was the result of extended

plea negotiations that did not break down until the last minute. These circumstances do not give rise to a violation of the Due Process Clause.[4]

For these reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
Chief Judge
Date: May 11, 2015

---

[4] Defendant also asserts that the "unfairness" of the dismissal of one complaint and the filing of another violated his due process rights when "coupled with [Defendant's] absence from the courthouse during resolution of the motion to dismiss." (Def.'s Mot. 4, ECF No. 14.) Defendant does not explain how his absence contributed to a violation of the Due Process Clause. "[D]ue process guarantees an accused's 'right to be present at any stage of the criminal proceeding that is critical to its outcome if [the accused's] presence would contribute to the fairness of the procedure.'" United States v. Sanchez, 917 F.2d 607, 619 (1st Cir. 1990) (quoting Kentucky v. Stincer, 482 U.S. 730, 745 (1987)). In this case, "the issue under consideration at the hearing . . . was [a] legal one," id.; see also Fed. R. Crim. P. 43(b)(3), and Defendant has not articulated how his presence would conceivably contribute to the fairness of the procedure; therefore, the Due Process Clause was not violated by Defendant's absence. See Sanchez, 917 F.2d at 619 (holding that conducting hearing on motion for new trial without defendant's presence did not violate due process).